**DOLL AMIR & ELEY LLP**
MICHAEL M. AMIR (SBN 204491)
mamir@dollamir.com
MARY TESH GLARUM (SBN 175181)
mglarum@dollamir.com
TED GEHRING (SBN 218715)
tgehring@dollamir.com725 S. Figueroa Street, Suite 3275
Los Angeles, California 90017
Tel: 213.542.3380
Fax: 213.542.3381

Attorneys for Defendant,
JOHN MARGARITIS

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GIULIANA MENDIOLA,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; JOHN MARGARITIS, Head Coach of Women's Basketball, and TAMICA SMITH JONES Athletic Director,<br><br>Defendants. | Case No. 5:20-cv-00832-ODW-KK<br><br>*Assigned to Judge Otis D. Wright, II:*<br>*Referred to Magistrate: Hon. Kenly*<br>*Kiya Kato*<br><br>**DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:   04/18/2020<br>First Amended Complaint<br>Filed: 8/10/20 |

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant John Margaritis ("Margaritis"), by and through its counsel, hereby submits this Answer to the First Amended Complaint ("FAC") filed by Plaintiff Giuliana Mendiola ("Plaintiff"). All of Margaritis's responses are made on the basis of personal knowledge as to himself and on information and belief with respect to any other person or entity. Each paragraph and heading herein respond to the corresponding heading and numbered paragraph of Plaintiff's FAC. All allegations in the FAC that are not expressly admitted in this Answer are denied.[1]

### PRELIMINARY STATEMENT

1.      Answering paragraph 1, Margaritis admits that Plaintiff served as assistant coach of the University of California, Riverside women's basketball team for approximately seven years. Margaritis further admits that Plaintiff's contract was not renewed in July 2019. Except as specifically admitted, Margaritis denies specifically and generally, all other allegations of paragraph 1.

### JURISDICTION AND VENUE

2.      Answering paragraph 2, Plaintiff does not allege facts but only legal conclusions, to which no admission or denial is required. To the extent paragraph 2 contains factual allegations, Margaritis denies them.

3.      Answering paragraph 3, Plaintiff does not allege facts but only legal conclusions, to which no admission or denial is required. To the extent paragraph 3 contains factual allegations, Margaritis denies them.

4.      Answering paragraph 4, Plaintiff does not allege facts but only legal conclusions, to which no admission or denial is required. To the extent paragraph 4 contains factual allegations, Margaritis denies them.

///

///

---

[1] Margaritis is not responding to any headings in the FAC, and, to the extent that a response is required, any allegations contained in the FAC's headings are denied.

DOLL AMIR & ELEY LLP

**PARTIES**

5.     Answering paragraph 5, Margaritis admits that Plaintiff was the assistant coach of the University of California, Riverside, women's basketball team from July 2012 to July 2019.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 5.

6.     Answering paragraph 6, admits that Defendant the Regents of the University of California was a governmental agency and that it operates the University of California, Riverside.  Except as specifically admitted, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

7.     Answering paragraph 7, Margaritis admits that he was the Head Coach of the University of California, Riverside, women's basketball team from 2004 to September 2019.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 7.

8.     Answering paragraph 8, Margaritis admits that Defendant Tamica Smith Jones was the Director of Intercollegiate Athletics at the University of California, Riverside.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 8.

**STATEMENT OF FACTS**

9.     Answering paragraph 9, Margaritis admits that Plaintiff was a basketball player for the University of Washington Huskies.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 9.

10.     Answering paragraph 10, Margaritis admits that Plainitff played basketball professionally prior to her employment with the University of Riverside.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 10.

3

11.     Answering paragraph 11 of the FAC, Margaritis admits that Plaintiff was hired as the Assistant Coach for the women's basketball team at University of California, Riverside on or about July 1, 2012.

12.     Answering paragraph 12, Margaritis admits that she was evaluated on an annual basis (as reflected by the annual written performance evaluations, which speak for themselves) and that her contract was renewed several times.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 12.

13.     Margaritis denies, specifically and generally, each and every allegation of paragraph 13.

14.     Margaritis denies, specifically and generally, each and every allegation of paragraph 14.

15.     Margaritis denies, specifically and generally, each and every allegation of paragraph 15.

16.     Margaritis denies, specifically and generally, each and every allegation of paragraph 16.

17.     Margaritis denies, specifically and generally, each and every allegation of paragraph 17.

18.     Answering paragraph 18, Margaritis admits that sometime in 2016, he was told that Coach Bell had discovered objectionable images on a computer that she shared with another coach.  Upon discovery of the foregoing, Margaritis took all steps necessary to address the issue in a satisfactory manner.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 18.

19.     Answering paragraph 19, Margaritis admits that sometime in 2017, he learned that Plaintiff was interested in a job opening at the University of Washington.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 19.

DOLL AMIR & ELEY LLP

20.     Answering paragraph 20, Margaritis admits that he promoted Ms. Bell to Associate Head Coach but that decision had nothing to do with Plaintiff's interest in the University of Washington job opening.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 20.

21.     Margaritis denies, specifically and generally, each and every allegation of paragraph 21.

22.     Margaritis denies, specifically and generally, each and every allegation of paragraph 22.

23.     Margaritis denies, specifically and generally, each and every allegation of paragraph 23.

24.     Margaritis denies, specifically and generally, each and every allegation of paragraph 24.

25.     Margaritis denies, specifically and generally, each and every allegation of paragraph 25.

26.     Margaritis denies, specifically and generally, each and every allegation of paragraph 26.

27.     Answering paragraph 27, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.     Answering paragraph 28, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29.     Answering paragraph 29, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

DOLL AMIR & ELEY LLP

DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT

1    30.    Answering paragraph 30, Margaritis admits that in
2    approximately December 2018, he met with Defendant Smith Jones and Plaintiff to
3    discuss the team's performance.  Except as specifically admitted, Margaritis denies
4    specifically and generally all the other allegations in paragraph 30.

5    31.    Answering paragraph 31, Margaritis is currently without sufficient
6    knowledge or information to form a belief as to the truth of the allegations contained
7    in said paragraph, and on that basis denies each and every allegation contained
8    therein.

9    32.    Answering paragraph 32, Margaritis is currently without sufficient
10   knowledge or information to form a belief as to the truth of the allegations contained
11   in said paragraph, and on that basis denies each and every allegation contained
12   therein.

13   33.    Margaritis denies, specifically and generally, each and every allegation
14   of paragraph 33.

15   34.    Answering paragraph 34, Margaritis is currently without sufficient
16   knowledge or information to form a belief as to the truth of the allegations contained
17   in said paragraph, and on that basis denies each and every allegation contained
18   therein.

19   35.    Margaritis denies, specifically and generally, each and every allegation
20   of paragraph 35.

21   36.    Answering paragraph 36, Margaritis admits that on or around
22   March 18, 2019, the women's basketball team suffered a loss.  Except as specifically
23   admitted, Margaritis denies specifically and generally all the other allegations in
24   paragraph 36.

25   37.    Answering paragraph 37 Margaritis is currently without sufficient
26   knowledge or information to form a belief as to the truth of the allegations contained
27   in said paragraph, and on that basis denies each and every allegation contained
28   therein.

DOLL AMIR & ELEY LLP

DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT

DOLL AMIR & ELEY LLP

38.     Answering paragraph 38, Margaritis admits on or about May, 2019, the University extended Plaintiff's contract for two months.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 38.

39.     Margaritis denies, specifically and generally, each and every allegation of paragraph 39.

40.     Answering paragraph 40, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41.     Margaritis denies, specifically and generally, each and every allegation of paragraph 41.

42.     Answering paragraph 42, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43.     Answering paragraph 43, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44.     Answering paragraph 44, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

45.     Answering paragraph 45, Margaritis admits that he remained as the Head Coach following the decision to not renew Plaintiff's contract.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 45.

DOLL AMIR & ELEY LLP

46.     Answering paragraph 46, Margaritis admits that media reports were published regarding Margaritis and the women's basketball team in the fall of 2019.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 46.

47.     Answering paragraph 47, Margaritis admits that he remained as the Head Coach following the decision to not renew Plaintiff's contract.  Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 47.

## EXHAUSTION

48.     Answering paragraph 48, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49.     Answering paragraph 49, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

(By plaintiff GIULIANA MENDIOLA against defendant THE REGENTS OF THE UNIVERTSITY OF CALIFORNIA.)

(42.S.C. § 2000e et seq.)

50.     Answering paragraph 50, Margaritis refers to and incorporates by reference his responses and denials contained in the foregoing paragraphs 1-49, inclusive, as though set forth in full herein.

51.     Margaritis denies, specifically and generally, each and every allegation of paragraph 51.

DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT

1    52.    Margaritis denies, specifically and generally, each and every allegation
2    of paragraph 52.

3    53.    Margaritis denies, specifically and generally, each and every allegation
4    of paragraph 53.

5    54.    Margaritis denies, specifically and generally, each and every allegation
6    of paragraph 54.

7    55.    Answering paragraph 55, Plaintiff does not allege facts but only legal
8    conclusions, to which no admission or denial is required. To the extent paragraph 55
9    contains factual allegations, Margaritis denies them.

## SECOND CLAIM FOR RELIEF

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

(By plaintiff GIULIANA MENDIOLA against defendant THE REGENTS OF THE UNIVERTSITY OF CALIFORNIA.)

(42 U.S.C. § 2000e et seq.)

16    56.    Answering paragraph 56, Margaritis refers to and incorporates by
17    reference his responses and denials contained in the foregoing paragraphs 1-55,
18    inclusive, as though set forth in full herein.

19    57.    Margaritis denies, specifically and generally, each and every allegation
20    of paragraph 57.

21    58.    Margaritis denies, specifically and generally, each and every allegation
22    of paragraph 58.

23    59.    Answering paragraph 59, Margaritis admits that Plaintiff
24    received annual written performance evaluations and that those documents speak for
25    themselves.  Except as specifically admitted, Margaritis denies specifically and
26    generally all the other allegations in paragraph 59.

27    ///
28    ///

DOLL AMIR & ELEY LLP

**THIRD CLAIM FOR RELIEF**

**RETALIATION IN VIOLATION OF TITLE IX OF THE EDUCATUION AMENDMENTS OF 1972**

(By plaintiff GIULIANA MENDIOLA against defendant THE REGENTS OF THE UNIVERTSITY OF CALIFORNIA.)

(20 U.S.C. § 1681 et seq.)

60.    Answering paragraph 60, Margaritis refers to and incorporates by reference his responses and denials contained in the foregoing paragraphs 1-59, inclusive, as though set forth in full herein.

61.    Answering paragraph 61, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

62.    Margaritis denies, specifically and generally, each and every allegation of paragraph 62.

63.    Margaritis denies, specifically and generally, each and every allegation of paragraph 63.

64.    Answering paragraph 64, Margaritis denies that he acted improperly as to Plaintiff.  As to the remaining allegations, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

65.    Answering paragraph 65, Margaritis is currently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

66.    Answering paragraph 66, Margaritis admits that Plaintiff received annual written performance evaluations and that those documents speak for

DOLL AMIR & ELEY LLP

themselves. Except as specifically admitted, Margaritis denies specifically and generally all the other allegations in paragraph 66.

**FOURTH CLAIM FOR RELIEF**

**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

(By plaintiff GIULIANA MENDIOLA against defendants THE REGENTS OF THE UNIVERTSITY OF CALIFORNIA and JOHN MARGARITIS.)

(Cal. Gov't Code § 12940(a) et seq.)

67.    Answering paragraph 67, Margaritis refers to and incorporates by reference his responses and denials contained in the foregoing paragraphs 1-66, inclusive, as though set forth in full herein.

68.    Answering paragraph 68, Plaintiff does not allege facts but only legal conclusions, to which no admission or denial is required. To the extent paragraph 68 contains factual allegations, Margaritis denies them.

69.    Margaritis denies, specifically and generally, each and every allegation of paragraph 69.

70.    Margaritis denies, specifically and generally, each and every allegation of paragraph 70.

71.    Margaritis denies, specifically and generally, each and every allegation of paragraph 71.

72.    Answering paragraph 72, Plaintiff does not allege facts but only legal conclusions, to which no admission or denial is required. To the extent paragraph 72 contains factual allegations, Margaritis denies them.

///
///
///

DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT

DOLL AMIR & ELEY LLP

**FIFTH CLAIM FOR RELIEF**

**RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

(By plaintiff GIULIANA MENDIOLA against defendant THE REGENTS OF THE UNIVERTSITY OF CALIFORNIA.)

(Cal. Gov't Code § 12940(h) et seq.)

73.     Answering paragraph 73, Margaritis refers to and incorporates by reference his responses and denials contained in the foregoing paragraphs 1-72, inclusive, as though set forth in full herein.

74.     Answering paragraph 74, Plaintiff does not allege facts but only legal conclusions, to which no admission or denial is required. To the extent paragraph 68 contains factual allegations, Margaritis denies them.

75.     Margaritis denies, specifically and generally, each and every allegation of paragraph 75.

76.     Margaritis denies, specifically and generally, each and every allegation of paragraph 76.

77.     Margaritis denies, specifically and generally, each and every allegation of paragraph 77.

**SIXTH CLAIM FOR RELIEF**

**VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**

(By plaintiff GIULIANA MENDIOLA against defendants JOHN MARGARITIS and TAMICA SMITH JONES.)

(42 U.S.C. § 1983.)

78.     Answering paragraph 78, Margaritis refers to and incorporates by reference his responses and denials contained in the foregoing paragraphs 1-77, inclusive, as though set forth in full herein.

79.     Answering paragraph 79, Plaintiff does not allege facts but only legal

DOLL AMIR & ELEY LLP

conclusions, to which no admission or denial is required. To the extent paragraph 68

contains factual allegations, Margaritis denies them.

80.     Margaritis denies, specifically and generally, each and every allegation

of paragraph 80.

81.     Answering paragraph 81, Margaritis is currently without sufficient

knowledge or information to form a belief as to the truth of the allegations contained

in said paragraph, and on that basis denies each and every allegation contained

therein.

### DAMAGES (INCLUDING PUNITIVE DAMAGES)

82-84.     These paragraphs set forth the statement of relief requested by

Plaintiff to which no response is required.  Margaritis denies that Plaintiff is entitled

to any of the requested relief and denies any allegations contained in these paragraphs

to which a response is required.

Margaritis denies each and every allegation of Plaintiff's FAC not specifically

admitted or otherwise responded to above.  Margaritis further specifically denies that

Plaintiff is entitled to any relief whatsoever of any kind against Margaritis as a result

of any act of Margaritis or any person or entity acting on behalf of Margaritis.

### DEMAND FOR JURY TRIAL

With respect to the "Demand for Jury Trial" section of the FAC, Margaritis

admits only that Plaintiff has demanded a jury trial.

### AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the FAC, Margaritis asserts the

following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff has failed, in whole or in part, to state a claim upon which relief

may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's damages, if any, were caused by the actions and/or inaction of

DOLL AMIR & ELEY LLP

third parties and/or intervening causes over which Margaritis has no control.

### THIRD AFFIRMATIVE DEFENSE

3.      Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Margaritis.

### FOURTH AFFIRMATIVE DEFENSE

4.      Without admitting the allegations of the FAC, Margaritis alleges that if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against her alleged damages and that, therefore, Plaintiff's claims must be reduced, diminished or defeated by such amounts as should have been so mitigated.

### FIFTH AFFIRMATIVE DEFENSE

5.      Margaritis acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

### SIXTH AFFIRMATIVE DEFENSE

6.      Margaritis is entitled to an offset or a set off against any alleged damages claimed by Plaintiff either partially or fully.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff lacks standing to assert the causes of action in the FAC.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Margaritis is informed and believes, and on that basis alleges that he has complied with all applicable state and federal laws, statutes and regulations and, therefore, cannot be held liable for any alleged damages suffered by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

9.      The FAC and each of its causes of action are barred by the doctrines of estoppel, waiver, consent, and unclean hands.

### TENTH AFFIRMATIVE DEFENSE

10.     The damages allegedly suffered by Plaintiff, if any, are the direct and

14

proximate result of the acts or omissions of parties other than Margaritis, and the liability of Margaritis, if any, is limited in direct proportion to the percentage of fault actually attributed to Margaritis.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Margaritis has performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in the FAC.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Regarding all of Plaintiff's causes of action, Margaritis' alleged conduct was justified and privileged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Based on Plaintiff's alleged wrongdoing, Plaintiff's claim of wrongful discharge is barred in whole or in part by the doctrine of after-acquired evidence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     The FAC and each of its causes of action are barred because all acts of Margaritis affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-discriminatory and non-retaliatory reasons and/or as a result of business necessity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Margaritis denies that he authorized, ratified, acquiesced in, had knowledge of, had reason to know of, approved of, or directed action by any person or entities, constituting unlawful conduct towards Plaintiff, whether as alleged or otherwise.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiff's claims are barred in whole or in part because all actions and conduct by Margaritis were justified and subject to governmental immunities, including but not limited to the immunities arising under the United States Constitution and federal law, immunities arising under the California Constitution and California law, immunities arising under California Code section 47, and immunities

DOLL AMIR & ELEY LLP

arising under the California Government Code.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     If it is found that Margaritis' actions were motivated by both discriminatory and/or retaliatory and nondiscriminatory or non-retaliatory reasons, Margaritis' nondiscriminatory/non-retaliatory reasons alone would have induced it to make the same decision.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Margaritis exercised reasonable care to prevent and correct promptly any sexually harassing behavior in the workplace. Margaritis is informed and believes, and on that basis alleges, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Margaritis or other Defendants to avoid harm otherwise. By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery on the alleged her causes of action in the FAC.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims for physical or emotional damages are preempted by the California Workers' Compensation Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Damages sought for lost employment benefits in all of Plaintiff's causes of action are preempted by the Employment Retirement Income Security Act of 1974.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims for gender harassment are barred to the extent Plaintiff consented to any alleged activity or conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     To the extent Plaintiff suffered any symptoms of mental or emotional

DOLL AMIR & ELEY LLP

distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Margaritis.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.   Without admitting the allegations of the FAC, Margaritis alleges that Plaintiff was terminated for just cause and business reasons.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.   Without admitting the allegations of the FAC, Margaritis alleges that Plaintiff's employment was at will and could be terminated at any time, with or without cause.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.   Plaintiff's claim under 42 USC Section 1983 is pre-empted by Title VII of the Civil Rights Act of 1964 (42 U.S.C. Ch. 21 § 2000 *et seq.*)

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.   Plaintiff's claim under 42 USC Section 1983 is pre-empted by Title IX of the Education Amendments of 1972 (20 U.S.C. ch. 38 § 1681 et seq.).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.   Plaintiff's claim under 42 USC Section 1983 is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution and the doctrine of qualified immunity.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.   Plaintiff's claim under 42 USC Section 1983 is barred, in whole or in part, because she cannot establish that Defendant's conduct deprived her of a federal right.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.   Plaintiff's claim under the California Fair Employment and Housing Act is barred because the conduct of which she complains was not unwelcome, severe, or pervasive.

///

DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT

DOLL AMIR & ELEY LLP

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff's claim under the California Fair Employment and Housing Act is barred because a reasonable person would not have considered the conduct of which she complains hostile or abusive.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    To the extent Plaintiff's claims under the Fair Employment and Housing Act are based on conduct which occurred in whole or in part outside the statute of limitations period, such claims are barred by the applicable statute of limitations, including but not limited to Government Code sections 12960 and 12965 et seq.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Plaintiff's FAC, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff failed to exhaust her administrative remedies and/or statutory prerequisites in a complete and timely manner under applicable law, including but not limited to, the Fair Employment and Housing Act. (Gov. Code §§ 12940 et seq.)

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Margaritis currently has insufficient information available upon which to form a belief as to whether he has additional, as yet unstated, affirmative defenses available. Margaritis reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

///

///

///

**WHEREFORE**, Margaritis respectfully requests that the Court:

a.  Dismiss all of Plaintiff's claims against Margaritis with prejudice and on the merits;

b.  Award Margaritis all costs, disbursements, and reasonable attorney fees allowed by law; and

c.  Grant Margaritis any such further relief to which he may be entitled[.

DATED:  August 24, 2020                    DOLL AMIR & ELEY LLP


By:___/s/ Ted A. Gehring_____
      MICHAEL M. AMIR
      MARY TESH GLARUM
      TED A. GEHRING
      Attorneys for Defendant,
      JOHN MARGARITIS

DOLL AMIR & ELEY LLP

19

DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **725 S. Figueroa Street, Suite 3275, Los Angeles, California 90017**.

On August 24, 2020, I served the foregoing document described as **DEFENDANT JOHN MARGARITIS' ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:**  I deposited such envelope in the mail at 725 S. Figueroa Street, Suite 3275, Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT DELIVERY:** I caused such documents to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressees.  The envelope or package was deposited with delivery fees thereon fully prepaid.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) via electronic mail, and no error was reported. Said email was directed as indicated on the service list.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ **BY CM/ECF:**  I electronically transmitted a true copy of said document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the aforementioned CM/ECF registrants.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2020, at Los Angeles, California.

_____
Cesar Ramirez

DOLL AMIR & ELEY LLP

PROOF OF SERVICE

**SERVICE LIST**

| | |
|---|---|
| Dan Siegel<br>EmilyRose Johns<br>Siegel Yee and Brunner<br>475 14th Street Suite 500<br>Oakland, CA 94612 | T: 510-839-1200<br>F: 510-444-6698<br>E: dansiegel@siegelyee.com<br>E: emilyrose@siegelyee.com<br><br>*Attorneys for Plaintiff,*<br>*Giuliana Mendiola* |
| Carolina Bravo-Karimi<br>Loleena Ansari May<br>Wilson Turner Kosmo LLP<br>402 West Broadway Suite 1600<br>San Diego, CA 92101 | T: 619-236-9600<br>F: 619-236-9669<br>E: cbravo-karimi@wilsonturnerkosmo.com<br>E: lmay@wilsonturnerkosmo.com<br><br>*Attorneys for Defendants,*<br>*The Regents of The University of*<br>*California and Tamica Smith Jones* |

DOLL AMIR & ELEY LLP

PROOF OF SERVICE